# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1. TCPA, 47 U.S.C. § 227,<br><br>　2. Invasion of Privacy - Intrusion Upon Seclusion |

## COMPLAINT FOR DAMAGES

Plaintiff, Christopher Williams ("Plaintiff"), through her attorneys, alleges the following against Navy Federal Credit Union ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of

- 1 -

Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the County of Fayette, State of Tennessee.

7. Defendant is a not-for-profit, federally chartered credit union with its principal place of business in Vienna, Virginia. It has multiple branch offices in the State of Tennessee, including one within the geographic boundaries of the Western District of Tennessee.

8. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//

## FACTUAL ALLEGATIONS

9.  In or around January 2021, Defendant began placing calls to Plaintiff on his cellular phone number ending in 6719, in an attempt to collect an alleged debt.

10.  The calls placed by Defendant originated from the following numbers: (703) 255-8062 and (888) 209-4086.

11.  On or about January 12, 2021, at 9:02 a.m., Plaintiff answered a collection call from Defendant from telephone number (901) 881-9244; Plaintiff heard a pause and recalls hearing a burst of dialing tones or beeps before the collection agent began to speak, indicating the use of an automated telephone dialing system.

12.  Defendant informed Plaintiff that it was attempting to collect a debt related to his Navy Federal Credit Union account.

13.  Plaintiff unequivocally revoked consent to be called any further and to only be contacted through mail in the future. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

14.  Between January 12, 2021, and December 16, 2021, Defendant called Plaintiff no less than **TWO HUNDRED AND SEVENTY-FIVE (275)** times.

15.  Upon information and belief, Defendant regularly called Plaintiff between two (2) and four (4) times a day.

16.  Upon information and belief, Defendant's system "use[s] a random generator to determine the order in which to pick phone numbers from a preproduced list" as

provided to it by Credit One and "then store[s] those numbers to be dialed at a later time." Facebook, Inc. v. Duguid, 592 U. S. ____, slip op. 10, n.7 (2021).

17. Upon information and belief, Defendant's equipment used to call Plaintiff has the capacity to store a telephone number using a random or sequential number generator and then dial those numbers at the appropriate times of the day so as to not call before the allowable times depending on the zip code where each of Defendant's customers reside.

18. Upon information and belief, Defendant's system used to call Plaintiff has the capacity to produce a telephone number using a random or sequential number generator.

19. Upon Information and belief, the dialing system used by Defendant will take the telephone numbers of customers who did not answer the phone and create a new list that has been stored in the dialing system. The new list will be re-sequenced using a sequential number generator to repeatedly dial those consumers until they answer the phone, or until they have reached the maximum number of calls allowed in a day.

20. Upon information and belief, Defendant called Plaintiff's cellular telephone using an artificial prerecorded voice.

21. Upon information and belief, Defendant left automated voicemail messages on Plaintiff's cellular telephone

22. Defendant's calls not only induced stress, but also anxiety due to the daily incessant calls to her cellular phone.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

24. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-two (23) as though set forth at length herein.

25. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone

dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

26.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

27.     Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-five (26) as though fully set forth herein.

30.     Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a. Defendant intentionally intruded, physically, or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect an alleged debt despite multiple requests for the calls to cease.

b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls after explaining that she was unable to make a payment due to her inability to pay and instructed them to only communicate with her

    in writing.

  c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28.   As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Christopher Williams, respectfully requests judgment be entered against Defendant, Navy Federal Credit Union for the following:

    A.     Declaratory judgment that Defendant violated the TCPA;

    B.     Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    C.     Actual and punitive damages resulting from the invasion of privacy;

    D.     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    E.     Any other relief that this Honorable Court deems appropriate.

//

//

//

//

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED this 17th Day of March 2022,

**CHAMI LAW, PLLC**

By: */s/Tarek N. Chami*
Tarek N. Chami – MI# P76407
22000 Michigan Ave, Suite 200
Dearborn, MI 48124
T: (313) 444-5029
tarek@pricelawgroup.com
*Attorneys for Plaintiff*
*Christopher Williams*